MOISE, Justice.
From a judgment of the district court sustaining defendant’s exception of no cause and no right of action and dismissing plaintiff’s suit at her cost, plaintiff has appealed.
The facts of the case are that Ira O’Quinn, Jr. and his wife, Dottie Hampton O’Quinn, were killed in an automobile accident on October 5, 1956, in Rapides Parish, Louisiana, leaving one minor child, Hilda Sue O’Quinn, four years old.
On October 11, 1956, Hilda Sue’s maternal grandfather, L. R. Hampton, filed a petition praying to be appointed tutor of said minor. Letters of tutorship were issued to him on the same day, and the paternal grandmother, Mrs. Jewell S. O’Quinn, was appointed under-tutrix. Both qualified in accordance with law. Thereafter, Mrs. O’Quinn brought proceedings in which she prayed that L. R. Hampton’s appointment as tutor be recalled and she be named tutrix of the minor, and, alternatively, she prayed that there be a judgment of recall. She alleged that the minor was afflicted with heart disease and that it was to said child’s best interest and well being that she reside with her. She averred that the *486 trial judge committed an error of law in appointing L. R. Hampton tutor under the provisions of Article 264 of the LSA-Civil Code, which provides:
“In case there shall be more than one ascendent in the same degree, in the direct line, but of different sexes, the tutorship shall be given to the male.”
Plaintiff contended that this Article 264 was superseded by Act 34 of the Extra Session of the Louisiana Legislature of 1921, now LSA-Revised Statutes 9:51, which reads:
“Women have the same rights, authority, privileges, and immunities, and shall perform the same obligations and duties as men in the holding of office including the civil functions of tutor, under tutor, curator, under curator, administrator, executor, arbitrator, and notary public.”
The contention that Article 264 was superseded by Act 34 of the Extra Session of the Louisiana Legislature of 1921, now LSA-Revised Statutes 9:51, is in error. As shown by its title, all this Act does is “conferring upon women the same right, authority, privileges, immunities, and obligations as men possess and are required to perform in the election and appointment to, and holding of, office; civil and political.”
The defendant filed an answer, setting forth grounds as to why he should remain tutor of said minor in preference to the paternal grandmother. He, likewise, filed a plea of estoppel, averring that, having accepted the under-tutrixship and having entered upon the duties of such office, plaintiff was estopped from claiming tutrixship, since she could not be both tutrix and under-tutrix. He also filed an exception of no cause and no right of action. His wife, Mrs. Izoro P. Hampton, Hilda Sue’s maternal grandmother, filed an intervention and third opposition, praying that she be named and appointed tutrix of the minor should the court remove her husband, L. R. Hampton, as tutor. Mrs. Hampton averred that she had always assisted in the care of Plilda Sue, particularly when the child was confined to a hospital.
Although the trial judge did not write reasons for sustaining defendant’s exception of no cause and no right of action, he must have considered the grounds alleged in plaintiff’s petition before dismissing her suit. This he had to do, despite his reasons for appointing L. R. Hampton tutor in the ex parte proceeding. Plaintiff’s principal contention is that the trial judge did not consider her legal right to the tutorship under LSA-Revised Statutes 9:51, supra. If the trial judge committed error in appointing L. R. Hampton tutor in the ex parte proceeding, he was afforded an opportunity to correct such error in considering plaintiff’s allegations in her petition. Plaintiff’s petition does not allege that defendant was liable for removal from tutorship for any of the reasons listed in Article 304 of the LSA-Civil Code, which are:
“1. The tutor who becomes insolvent after his appointment.
“2. The tutor who fails to have the bonds, the purchase of which is authorized by Article 348, certified, countersigned and registered in the manner required by law.
“3. The tutor who neglects to cause to be inscribed, in the manner required by law, the evidence of the minor’s legal mortgage against his tutor.”
From the allegations of plaintiff’s petition and the grounds urged, we conclude that the trial judge chose to continue L. R. Hampton as tutor of the minor because he thought that his appointment of the said L. R. Hampton was to the best interest of the said minor and that there was no legal reason for his removal.
*487 By the action of the trial judge, the minor is in a home where she has the benefit of both a grandfather and a grandmother, particularly a grandfather and grandmother she lived close by during the lifetime of her parents. She is in familiar surroundings. Besides, plaintiff is a widow, who is employed; she is away from home during the day and would have to employ someone else to care for said minor.
Under the circumstances of this case, we believe that the appointment of L. R. Hampton as tutor of the minor, Hilda Sue O’Quinn, is to the best interest of said minor.
For the reasons assigned, the judgment of the trial court is affirmed.